# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE REID,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>T. JOHNSON, et al.,<br><br>　　　　　　Defendants.<br>_____/ | 1:09-cv-001200 YNP SMS (PC)<br><br>ORDER FINDING SERVICE OF AMENDED COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(Doc. 1) |

Plaintiff is a former Stanislaus County Jail inmate prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

This action proceeds on the original complaint filed July 13, 2009. Plaintiff names as defendants Deputy T. Johnson and Deputy Kanuck, employees of the Stanislaus County Sheriff's Department. The events that give rise to this lawsuit occurred at the Public Safety Center at 200 E. Hackett Road in Stanislaus. Plaintiff claims that defendants subjected her to excessive force. Specifically, Plaintiff alleges that on September 15, 2008, while being escorted from one section of the jail to another, she and Defendant Johnson had a verbal altercation. Defendant Johnson then "threw me to the floor. I was then yanked back up by both T. Johnson and Kanuck. Both Deputies proceeded to twist my arms with excessive force til I felt the bone in my arm pop. I started screaming in pain and asked them to stop." (Compl., p. 5.) As a result, Plaintiff suffered a spiral fracture requiring surgical treatment. Plaintiff does not indicate whether, at the time of the events complained of, she was a pretrial detainee or convicted of a crime.

**Fourth Amendment**

The Fourth Amendment governs excessive force claims by a pretrial detainee. The amount of force necessary to effect an arrest is measured by a standard of "reasonableness" standard derived from the Fourth Amendment. <u>Graham</u>, 490 U.S. at 392.

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. [Citations omitted.] ... Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," [citation omitted], however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether is actively resisting arrest or attempting to evade arrest by flight.

<u>Id</u>. at 1871-2.   The court finds that, liberally construed, Plaintiff states a claim for relief under the Fourth Amendment. Plaintiff has alleged facts indicating that as a result of a verbal altercation, she was subjected to such force that she suffered a fractured arm. The complaint states a claim for relief under the Fourth Amendment.

**Eighth Amendment**

Excessive force claims by an individual serving a sentence for conviction of a crime are governed by the Eighth Amendment's proscription on cruel and unusual punishment. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. <u>Whitley</u>, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. <u>Id.</u> The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was

1  unreasonable, and hence unnecessary." Id. at 319.  Prison administrators "should be accorded wide-
2  ranging deference in the adoption and execution of policies and practices that in their judgment are
3  needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322
4  (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).   The court finds that, liberally construed,
5  Plaintiff states a claim for relief under the Eighth Amendment.  Plaintiff alleges no facts indicating
6  that she posed a physical threat to Defendants Johnson or Kanuck.   Plaintiff's complaint indicates
7  that she was subjected to unprovoked force such that she suffered a fractured arm.  Plaintiff therefore
8  states a claim for relief under the Eighth Amendment.

9         The Court has screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and
10 finds that it states a cognizable claim for relief under section 1983 against Defendants Johnson and
11 Kanuck for use of excessive force.  Fed. R. Civ. P. 8(a); Erickson v. Pardus, 551 U.S. 89, 92 (2007);
12 Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

14     Accordingly, it is HEREBY ORDERED that:

15   1.    Service is appropriate for the following defendants:

16         DEPUTY T. JOHNSON

17         DEPUTY KANUCK

18   2.    The Clerk of the Court shall send Plaintiff two (2) USM-285 forms, two (2)
19        summonses, a Notice of Submission of Documents form, an instruction sheet and a
20        copy of the complaint filed July 13, 2009.

21   3.    Within **thirty (30) days** from the date of this order, Plaintiff shall complete the
22        attached Notice of Submission of Documents and submit the completed Notice to the
23        Court with the following documents:

24     a.    Completed summons;

25     b.    One completed USM-285 form for each defendant listed above; and

26     c.    Three copies of the endorsed complaint filed July 13, 2009.

27   4.    Plaintiff need not attempt service on Defendants and need not request waiver of
28        service.  Upon receipt of the above-described documents, the Court will direct the

United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   March 17, 2010**                                /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE