UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE REID, | CASE NO.   1:09-cv-1200-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| PUBLIC SAFETY CENTER, et al., | (ECF No. 17) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Lynette Reid ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 28, 2010, the Court screened Plaintiff's Complaint and found that she had stated a claim for excessive force under the Eighth Amendment against Defendants T. Johnson and Kanuck. (ECF No. 7.) Plaintiff submitted the required service documents for these two Defendants and the United States Marshall effectuated service. (ECF Nos. 11 & 16.) Defendant Johnson filed an answer. (ECF No. 12.)

In lieu of an answer, Defendant Kanuck filed a Motion to Dismiss. (ECF No. 17.) The Motion to Dismiss was also filed on behalf of Stanislaus County, even though the Court had never ordered that service on the County was appropriate and it does not appear that the County has been served. Regardless, the Court will address the Motion to Dismiss as to each Defendant in turn below.

I.   **LEGAL STANDARD**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v.

California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## II.     ANALYSIS

### A.     Claims Against Defendant Kanuck

Defendant Kanuck moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Kanuck argues that Plaintiff's Complaint fails to make any factual allegations against him and, therefore, fails to state a claim upon which relief could be granted.

Plaintiff's Complaint consists of five pages: (1) a three-page Section 1983 complaint form; (2) a one-page form for a claim against Stanislaus County; and (3) a one-page handwritten explanation of events. (ECF No. 1.) The Complaint form names Kanuck as a defendant but fails to mention him in the factual allegations. Thus, Kanuck is technically correct that Plaintiff's "Complaint" does not contain any factual allegations against him.

However, the handwritten explanation of events attached to the Complaint states that Kanuck (along with Johnson) "twist[ed Plaintiff's] arm with excessive force until I felt the bone in my arm pop. I started screaming in pain asking them to stop." Plaintiff alleges that the actions of both Johnson and Kanuck caused her arm to break and resulted in a metal plate being inserted in her arm. (ECF No. 1 at 5.)

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint whose authenticity no party questions. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001). Moreover, Pro se complaints are held to less stringent standards than formal pleadings by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A court must construe a pro se plaintiff's "inartful pleading" liberally in determining whether a claim has been stated, including pro se motions as well as complaints. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). This is especially true when a plaintiff appears pro se in a civil rights case. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

Thus, the fact that the allegations against Kanuck are contained in an attachment to the Complaint rather than in the actual Complaint itself is irrelevant. Plaintiff has alleged that Defendant Kanuck without provocation twisted Plaintiff's arm with enough force to break the arm. Plaintiff has alleged sufficient facts to state a claim for excessive force in violation of the Eighth Amendment. The Court recommends that Defendant Kanuck's Motion to Dismiss be DENIED.

**B.     Claims Against the County (named as Public Safety Center)**

Plaintiff named the "Public Safety Center County Jail" as a Defendant in her Complaint; Stanislaus County would have been the proper defendant. In screening the Complaint, the Court found that it stated a claim against Deputies Johnson and Kanuck, but did not address the claim against the Public Safety Center. (ECF No. 7.) The Court did not order that the Public Safety Center be served, and it does not appear that service was effectuated on the Public Safety Center.

Regardless, Stanislaus County now moves for dismissal of the claims against it, to include the claims against the Public Safety Center. Plaintiff's Complaint fails to allege any wrongdoing on the part of the County via the Public Safety Center. The allegations relate solely to the force used against Plaintiff by Defendants Kanuck and Johnson while Plaintiff

was housed at the Public Safety Center. There is no allegation that the policies or practices of the Public Safety Center caused or contributed to this wrongdoing in any manner. Accordingly, the Complaint fails to state a claim upon which relief could be granted, and the Court recommends dismissal of this claim.

## III. CONCLUSION

For the reasons stated above, the Court recommends the following:

1. Defendant Kanuck's Motion to Dismiss be DENIED;
2. Defendant Stanislaus County's Motion to Dismiss be GRANTED;
3. Any claims against Defendant Stanislaus County be DISMISSED; and
4. The County (named as the Public Safety Center) be DISMISSED as a party-Defendant to this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 21, 2011                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE